# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TIMUR ABBASOV, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-04001 |
| | : | |
| JAMISON, et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 16th day of June, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Letter dated June 15, 2026 (ECF No. 3), **IT IS HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Abbasov is a citizen of Uzbekistan who entered the United States on or about March 15, 2023. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 17–18 (ECF No. 1). Shortly after his entry, officials from the Department of Homeland Security ("DHS") encountered, processed, and released him. *See id.* ¶ 18. Since that time, Mr. Abbasov has established community ties in Philadelphia and has complied with all conditions of his immigration proceedings, including attending three immigration court hearings, checking in with Immigration and Customs Enforcement ("ICE") as required, and submitting an asylum application. *See id.* ¶¶ 18–19. His next immigration hearing is scheduled for July 1, 2027, in the New York Immigration Court. *See id.* ¶ 19. On or about June 8, 2026, DHS officials detained Mr. Abbasov outside his home in Philadelphia, Pennsylvania. *See id.* ¶ 20. He is currently detained at the Federal Detention Center in Philadelphia. *See id.* ¶ 21.

The Government contends that this case is similar to *Olimov v. Jamison*, No. 26-cv-532-JDW, 2026 WL 596155 (E.D. Pa. Mar. 3, 2026), which was also an "arriving-alien" case. *See* Letter from Mansi G. Shah, Assistant United States Attorney, to Judge John M. Gallagher (June 16, 2026) (ECF No. 3) at p. 1. The Government incorporates by reference and preserves the arguments it has advanced in other arriving-alien cases, including: *Olimov*, No. 26-cv-532 (ECF Nos. 8, 9); *Vasquez-Rosario v. Noem*, No. 25-cv-7427 (ECF No. 6 (Jan. 8, 2026)); and *Murodov v. Jamison*, No. 26-cv-594 (ECF No. 5 (E.D. Pa. Feb. 3, 2026)). Specifically, the Government contends that: (1) this Court lacks jurisdiction to intervene in Petitioner's removal proceedings; (2) neither the Immigration and Nationality Act nor the Administrative Procedure Act confers jurisdiction to review DHS's discretionary decision to terminate parole; (3) the grant or subsequent revocation of discretionary parole does not alter Petitioner's status as an inadmissible arriving

2.      Mr. Abbasov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Abbasov from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on June 18, 2026**;

4.      If the Government chooses to pursue re-detention of Mr. Abbasov pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

_/s/ John M. Gallagher_
JOHN M. GALLAGHER
United States District Court Judge

---

alien; (4) Petitioner's detention is authorized by 8 U.S.C. § 1225(b)(2); and (5) Petitioner's continued detention does not violate the Due Process Clause. *See Olimov*, No. 26-cv-532 at ECF No. 8; *Vasquez-Rosario*, No. 25-cv- 7427 at ECF No. 6; *Murodov*, No. 26-cv-594 at ECF No. 5. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Olimov*, No. 26-cv-532; *Vasquez-Rosario*, No. 25-cv- 7427; *Murodov*, No. 26-cv-594.

The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those matters remain pending. *See* ECF No. 3 at p. 2 n.3.

Accordingly, Mr. Abbasov's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.